# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DANIEL N. WEST**,

    Petitioner,

v.                                                                Case No. 5:23-cv-149-WFJ-PRL

**WARDEN, FCC COLEMAN — LOW**,

    Respondent.

_____/

## ORDER

    Before the Court is Daniel West's ("Petitioner") Petition for Writ of Habeas Corpus (Dkt. 1), the Warden of FCC Coleman's ("Respondent") Response (Dkt. 6), Petitioner's Reply, Sur-reply, and Supplement (Dkts. 7, 9, & 10), Respondent's Reply (Dkt. 12), and Petitioner's Second Reply (Dkt. 14). Upon careful consideration of all the filings in this case, the Court denies Petitioner any relief.

## DISCUSSION

    On March 6, 2023, Petitioner filed a Petition for Writ of Habeas Corpus on the grounds that the Bureau of Prisons ("BOP") was "incorrectly calculating Petitioner's First Step Act Earned Time Credits and [refusing] to apply the full credit that Petitioner [had] earned." Dkt. 1 at 6. While Petitioner's case was pending, Respondent granted Petitioner the earned time credit recalculation he requested. Dkt.

6. Petitioner now claims that the BOP "has failed to fully apply" his credits. Dkt. 7 at 1. Petitioner essentially argues that his newly awarded credits entitle him to immediate placement into prerelease custody via court order. Dkt. 9 at 1.

Petitioner is mistaken. "[A] designation of a place of imprisonment under [18 U.S.C. § 3621] is not reviewable by any court." § 3621(b). Further, while "the Director of the Bureau Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term" in some form of prerelease custody under section 3624, "[n]othing in [section 3624] shall be construed to limit or restrict the authority of the Director of the Bureau Prisons under section 3621." §3624(c)(1)–(4). Given this, the Court has no authority to direct the BOP to place Petitioner in prerelease custody.

As Respondent explains:

> the BOP has determined that [Petitioner] is eligible for prerelease custody, but [Petitioner] cannot be released to prerelease custody until his prerelease plan is approved and the transfer of his supervision has been completed. The BOP has not yet designated a date on which [Petitioner's] prerelease custody will begin, but any such decision concerning the start date and the length of his prerelease custody are within the BOP's discretion. *See United States v. Calderon*, 801 F. App'x 730, 731–32 (11th Cir. Feb. 24, 2020) (explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to the Second Chance Act).

Dkt. 12 at 3 (cleaned up). Petitioner will therefore have to wait until the BOP approves his prerelease plan. The Court cannot usurp this function to grant him immediate placement into the prerelease custody of his choice.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**.

(2) The Clerk is directed to enter judgment in favor of Respondent and close this case.

**DONE AND ORDERED** at Tampa, Florida, on August 31, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Petitioner, *pro se*